IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON AREA MEDICAL
CENTER, INC.,

    Plaintiff,

v.                                             Civil Action No. 5:00CV132
                                                            (STAMP)

PARKE-DAVIS, a division of
Warner Lambert and
PFIZER, INC., its successor
by merger,

    Defendants.

## **MEMORANDUM OPINION AND JUDGMENT ORDER**

### I. Background

On July 28, 2005, the United States Court of Appeals for the Fourth Circuit vacated this Court's judgment in favor of Charleston Area Medical Center, Inc. ("CAMC") and remanded the action for entry of judgment consistent with the opinion of the Supreme Court of Appeals of West Virginia.[1] On certification, the Supreme Court of Appeals of West Virginia had held that an action for contribution under the facts of this action was not permitted under the laws of West Virginia. Charleston Area Medical Center, Inc. v. Parke-Davis, 614 S.E.2d 15, 24 (W. Va. 2005).

---

[1]On appeal, the Fourth Circuit certified to the Supreme Court of Appeals of West Virginia the question of whether West Virginia law would allow a tortfeasor to negotiate and consummate a settlement with the injured party on behalf of itself, before any lawsuit was filed, which would benefit also another party claimed to be a second joint tortfeasor, and thereafter obtain a judgment against the second joint tortfeasor in an action for contribution, although the second joint tortfeasor was not a party to, not aware of, and had no notice of the settlement.

In addition, the Fourth Circuit rejected CAMC's motion to dismiss the appeal, which had argued:

> Notwithstanding the Opinion of the West Virginia Supreme Court of Appeals issued May 11, 2005 regarding the Certified Question, the appeal of Parke-Davis and Pfizer, Inc. fails procedurally because CAMC's verdict below was based not only upon contribution, but also upon breach of warranty of merchantability and indemnity regarding the defective Cerebyx product.

(Pl.'s Mot. to Dismiss Appeal at 1.)  The Fourth Circuit held that CAMC's motion to dismiss the appeal was without merit.

Following remand, CAMC filed a motion for entry of judgment in favor of the plaintiff, arguing that, in accordance with the jury's verdict rendered on December 3, 2001, CAMC should recover from Parke-Davis and Pfizer, Inc. ("defendants") for breach of implied warranty in the amount of $875,000.00, as well as pre-judgment and post-judgment interest.

The defendants filed a response, arguing that there is no recognized right of contribution in this action and that CAMC's claim for breach of implied warranty is dependent upon a right to contribution since the only injury alleged was injury to its patient and the only damages sought were amounts paid in settlement to the patient's estate.  In addition, the defendants highlighted the Fourth Circuit's July 28, 2005 opinion in which the appellate court considered and rejected CAMC's motion to dismiss the appeal based, in part, upon its breach of warranty claim.

CAMC filed a reply arguing that it had a right to recover under its breach of warranty claim and that the Fourth Circuit's

opinion on the issue of contribution did not affect the jury's findings that the defendant breached its warranty to CAMC. CAMC argues that entry of judgment in favor of CAMC would not violate the mandate rule because the issue of breach of warranty was never raised before the Fourth Circuit. In the alternative, CAMC moves to amend its complaint to assert solely contract-based claims against defendants under the Uniform Commercial Code and West Virginia law.

## II. Discussion

"Few legal precepts are as firmly established as the doctrine that the mandate of a higher court is 'controlling as to matters within its compass.'" United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993)(quoting Sprague v. Ticonic Nat'l Bank, 307 U.S. 161, 168 (1939)). "Because this 'mandate rule' is merely a 'specific application of the law of the case doctrine,' in the absence of exceptional circumstances, it compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court." Bell at 66 (quoting United States v. Bell, 988 F.2d 247, 251 (1st Cir. 1993)).

This Court has been directed by the Fourth Circuit to enter judgment in accordance with the Supreme Court of Appeals of West Virginia's opinion in Charleston Area Medical Center, 614 S.E.2d 15, 24 (W. Va. 2005), which holds:

> . . . [T]he inchoate right of contribution recognized by this state can only be asserted by means of third-party impleader in an action brought by the injured party against a tortfeasor. Consequently, a tortfeasor who

3

negotiates and consummates a settlement with an injured
party on behalf of itself before any lawsuit is filed
cannot subsequently bring an action seeking contribution
from a tortfeasor who was not apprised of and not a party
to the settlement negotiations and agreements.

Id. at 24. In addition, the Fourth Circuit rejected the plaintiff's contention raised in its motion to dismiss the appeal that the plaintiff's breach of warranty claim survives. See Pl.'s Mot. to Dismiss Appeal at 1.

This Court's duty to abide by a mandate from the Fourth Circuit and thereby avoid the "relitigation of issues expressly or impliedly decided by the appellate court," requires this Court to reject CAMC's request for entry of judgment in its favor. Each count in the plaintiff's complaint is based on a theory of contribution, as stated succinctly by the plaintiff, itself:

In March, 1998, a patient at CAMC received Cerebyx. As
a result of the confusing and misleading label, the
patient suffered injury. Subsequently, CAMC settled the
claim arising from the injury and now seeks the recovery
of those sums, plus interest, costs, attorney's fees and
punitive damages from the Defendant.

Compl. ¶ 10 (emphasis added). Count One of the plaintiff's complaint, which alleges breach of warranty, specifically states, "which breaches resulted in injury to a patient in March, 1998, and the settlement by Plaintiff of the claims arising from that injury, for which CAMC seeks payment by the Defendants . . ." Compl. ¶ 13 (emphasis added). In other words, the injury alleged by CAMC is derived exclusively from CAMC's settlement with the injured party. Accordingly, this Court finds that the plaintiff's case rises and falls on a theory of contribution or indemnity. Because the

4

Supreme Court of Appeals of West Virginia has foreclosed the plaintiff's theory of contribution or indemnity as it arises in this action, the plaintiff's case fails.

In the alternative, the plaintiff moves to amend its complaint pursuant to Federal Rule of Civil Procedure 15(c)(2). Rule 15(c)(2) allows an amended pleading to relate back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading . . ." Id. Authority for granting amendments stems from Rule 15(a), which grants the court broad discretion to grant motions to amend. See Ward Elec. Serv., Inc. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987). Moreover, a court should grant leave to amend absent an improper motive such as undue delay, bad faith or successive motions to remand that do not cure the alleged deficiency. See id. However, following the issuance of a mandate from a circuit court, "[a]llowance of an amendment is within the discretion of the district court, unless the appellate court has issued a mandate calling for amendment or its mandate has precluded amendment." R.E.B., Inc. v. Ralston Purina Co., 525 F.2d 748, 751, n.1 (10th Cir. 1975)(emphasis added).

Here, the Fourth Circuit has specifically ordered this Court to enter judgment consistent with the opinion of the Supreme Court of Appeals of West Virginia. In addition, the Fourth Circuit has already denied the plaintiff's motion to dismiss the appeal, which

5

was couched in the same arguments presented to this Court through its reply in support of judgment in favor of the plaintiff. Accordingly, the plaintiff's alternative motion to amend is DENIED as contrary to the Fourth Circuit's mandate.[2]

### III. Conclusion

For the reasons stated above and in accordance with the written opinion of the Fourth Circuit Court of Appeals, it is hereby ORDERED that judgment be entered in favor of the defendants which is consistent with the opinion of the Supreme Court of Appeals of West Virginia. In addition, it is ORDERED that this civil action be DISMISSED AND STRICKEN from the active docket of this Court. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED: February 2, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

---

[2]This Court finds the plaintiff's motion is not supported by Invention Submission Corporation v. Dudas, 413 F.3d 411 (4th Cir. 2005), which is cited by the plaintiff as standing for the proposition that this Court has the authority to grant CAMC's motion to amend without violating the mandate rule. In fact, Invention Submission Corporation upholds a district court's decision to refrain from granting the plaintiff leave to file an amended complaint following a mandate from the Fourth Circuit. Id. at 415.